WATSON, Judge.
Plaintiff, Ruth S. Leger, brought this suit for declaratory judgment and asked that defendant, St. Landry Parish Police Jury, be ordered to pay $1,174.97 in interest on her behalf to the Parochial Employees Retirement System of Louisiana. The trial court held that the police jury was responsible for the interest due on plaintiff’s contributions to the retirement system, and the police jury has appealed.
It was stipulated that Ms. Leger was first employed by the police jury on May 1, 1964, at the age of 29. She was engaged as a court reporter at a salary of $350 per month. Two years later Ms. Leger was advised by her employer that she could elect whether or not to contribute to the Parochial Employees Retirement System of Louisiana. Between May 1,1964 and January 31, 1974, the police jury did not contribute to the retirement system on behalf of Ms. Leger. On September 22, 1977, Ms. Leger purchased service credit for her employment during that period at a cost of $1,951.16. The police jury refused to pay $1,174.97 in interest assessed because of the failure to make contributions to the system as required by Act # 205 of 1952.
*DXXXVII The trial court decided that the contributions were not made because of a mistake on the part of the police jury and, since the police jury was at fault, it should bear the burden of paying the interest. We affirm.
Act # 205 of 1952 requires that all parish employees be members of the retirement system unless “specifically excluded under LSA-R.S. 33:6132”. LSA-R.S. 33:6131. Ms. Leger was not excluded by the provisions of LSA-R.S. 33:6132. She relied to her detriment on her employer’s representation that she could elect whether to become a member of the retirement system. Therefore, the employer, the police jury, must bear the burden of paying the interest. This is obviously the intent of the statute. See LSA-R.S. 33:6131.1(D), which provides that interest can be recovered “. . . against the District subdivision or instrumentality liable therefor . . .”
For the foregoing reasons, the judgment of the trial court is affirmed. All costs, insofar as allowed by law, are assessed against the defendant, St. Landry Parish Police Jury.
AFFIRMED.