DUFRESNE, Judge.
Plaintiff, Kenneth Gegenheimer (Gegen-heimer) appeals a decision granting a partial summary judgment, dismissing his action against one of the defendants, the Parish of Jefferson (the Parish).
Gegenheimer filed this action against Harry Lee, Sheriff of Jefferson Parish; Alwynn Cronvich, former Sheriff of Jefferson Parish and the Parish of Jefferson, alleging the defendants unjustly, negligently, and contrary to State and Federal law, committed acts which prevented him from coverage under any disability or retirement/pension system. Gegenheimer was a direct employee of the Jefferson Parish Sheriffs office, alleging that when he became disabled to the point where he could no longer work with the Sheriffs office, the conduct of the defendants caused him to be denied benefits from the United States Social Security System and any other private or public retirement disability or pension system.
The Parish of Jefferson filed its first Motion for Summary Judgment on May 1, 1987, alleging that Gegenheimer’s action arose out of his direct employment relationship with the Jefferson Parish Sheriffs Office, based upon the failure of the Sheriffs Office to include him in its pension fund or other retirement system. Simply stated Gegenheimer was not an employee of the Parish and there is no employment connection between the Parish and the Sheriff. This motion was denied. Subsequently in September, 1987, Gegenheimer filed a supplemental and amending petition in which he alleged that:
“In 1975, the employees of both defendant, Alwynn Cronvich, Sheriff of the Parish of Jefferson, and the Parish of Jefferson, were participating in the retirement system through Social Security Administration, and had F.I.C.A. deductions withheld from their earnings. In 1975, the Parish of Jefferson decided to withdraw from participation in the Social Security Administration Retirement System, and terminated withholding F.I.C.A. from its employees’ wages, and terminated making payments to the Social Security Administration of any F.I.C.A. contributions.”
In this supplemental petition, Gegen-heimer further alleges that the Parish knew he would be unable to participate in the Sheriffs pension and retirement system, and knew he would also be excluded from the Social Security System, leaving him with no pension or retirement plan. Knowing this fact, Gegenheimer asserts the Parish caused and forced former Sheriff Alwynn Cronvich to withdraw from the Social Security System, leaving him without any coverage.
Gegenheimer asserts the sole issue for our review is whether the Parish is entitled to summary judgment merely based upon the uncontested fact that he had no employment relationship with the Parish. He has asked that we examine the following questions in order to adquately respond to this crucial issue:
(a) Should we ignore an allegation that the Parish and Sheriff were considered one employment unit and one coverage group by the U.S. government, when, under Louisiana law, they are considered separate entities?
(b) Can the fiduciary duties emposed upon an employer under 42 U.S.C. § 418 and related jurisprudence be applicable to the Parish, despite the fact that he was not a direct employee of the Parish?
(c) Does the Parish have a fiduciary responsibility to Gegenheimer (as an employee of the Sheriff’s office) if its actions *516 would deprive him of a federally guaranteed right?
In May of 1968, Gegenheimer obtained employment with Alwynn J. Cronvich, then Sheriff of the Parish of Jefferson. Alwynn Cronvich was Sheriff of the Parish of Jefferson from May of 1964 until July of 1979. Despite the fact that Gegenheimer was severely disabled when he began his employment with the Sheriffs Office, he was able to perform his job in the photography lab. At the time Gegenheimer was employed with the Sheriff’s Office, there existed a State Sheriffs Pension Fund, but he was not covered under said fund. Initially, in 1968, the Sheriffs Office did not participate in the Social Security Administration, but later the employees of the Sheriffs Office enrolled in the Social Security Retirement System. Although Gegenheimer was not employed as a Deputy Sheriff, he was subsequently enrolled and sworn in as a Deputy Sheriff in 1972.
Because Sheriff Cronvich had several employees like Gegenheimer who were not eligible to participate in the State Sheriffs Pension Fund, Cronvich had requested that the Parish permit those employees to participate in the Social Security Administration Program with the Parish of Jefferson. Subsequently, the Parish of Jefferson did accept certain employees of the Sheriffs Office, including, Gegenheimer, and allowed them to participate in the Social Security Pension Fund through the Parish of Jefferson Coverage Group.
Around 1972, at the request of Cronvich, Gegenheimer was included in the Social Security System through the Parish, which generally participated in the Social Security System at that time. Some time in the middle of the 1970’s, the Parish withdrew from the Social Security System, which caused Gegenheimer and the other employees of the Sheriffs Office to become ineligible to continue in the Social Security Program. As an accommodation to the Sheriffs Office, the Parish had absorbed employees of the Sheriff into the Social Security Fund.
When the Parish made its decision to withdraw from the Social Security Administration Retirement System, Cronvich attempted to obtain coverage for Gegenheimer, and other employees who would not be covered under the Sheriffs Private Pension Fund, and who were no longer covered under the Social Security Program through the Parish.
All parties agree that Gegenheimer was not at any time employed by the Parish and that his only employer during the years at issue was the Sheriffs Office. Furthermore, it is understood that the Parish and Sheriff offices are constitutionally separate and independent political bodies with neither entity having control or authority over the other. Gegenheimer argues the employment relationship is totally irrelevant to his cause of action, rather the crucial issue is whether he was a member of the group which should have been afforded Social Security coverage through the Parish.
The term “coverage group” as defined within the meaning of the Social Security Act is clearly set forth in 42 U.S.C. 418(b)(5). In each section of this provision, members of a coverage group are employees of a particular entity. 42 U.S.C. 418(b)(5) states:
“The term ‘coverage group’ means (A) employees of the State other than those engaged in performing service in connection with a proprietary function; (B) employees of a political subdivision of a State other than those engaged in performing service in connection with a proprietary function; (C) employees of a State engaged in performing service with a single proprietary function; or (D) employees of a political subdivision of a State engaged in performing service in connection with a single proprietary function. If under the preceeding sentence, an employee would be included in more than one coverage group by reason of the fact that he performs service in connection with two or more proprietary functions, or in connection with both a proprietary function and a nonproprie-tary function, he shall be included in only one such coverage group. The determination of the coverage group in which *517 such employee shall be included shall be made in such manner as may be specified in the agreement....”
Only employees of an entity can be considered part of the coverage group. An individual is the employee of the entity which controls his work product and is responsible for compensation. It is clear that Gegenheimer was an employee of the Sheriffs Office and not the Parish.
Pursuant to federal law, 42 U.S.C. § 418(d)(6)(A), grants all States the rights to establish separate retirement and disability systems for its political subdivisions and specific groups of State employees. Therefore, the Parish government was authorized via State law to implement a retirement and disability program, independent and separate from the Sheriff’s Office.
At the time Gegenheimer was hired by Sheriff Cronvich, the Sheriff’s Office had its own retirement and disability system and none of its employees were covered under the Social Security System. After the Parish withdrew from the Social Security System, Cronvich sought a continuing coverage under Social Security for a selected group of his employees, and simultaneously attempted to establish and maintain his own private retirement and disability system for the remaining portion of his employees. However, the Social Security Administration disallowed this retirement and disability scheme and refused to provide coverage for these selected individuals.
Did the Parish owe a duty to Gegenheimer to provide retirement and disability coverage after it withdrew from the Social Security System? We find no Federal or State Law granting a non-employee any rights or privileges relating to the Parish’s action to withdraw from the Social Security’s retirement and disability system. The withdrawal was lawful and afforded the required protection for all employees of Parish government.
Accordingly, for the reasons assigned above, the decision of the trial court granting Jefferson Parish’s Motion for Summary Judgment is affirmed,
AFFIRMED.