Dear Mr. Knoll:
This office is in receipt of your opinion request on behalf of the Avoyelles Parish Police Jury, wherein you raise the following issue for our review:
 What amounts is the Avoyelles Parish Police Jury required to pay when an employee elects to purchase credit for prior service under LSA-R.S. 11:1939?
Pertinent to the inquiry are the provisions of LSA-R.S.11:1939, providing:
§ 1939. Persons not properly enrolled as members
Any person whose membership in the system was a mandatory condition of employment but was not enrolled as a member due to administrative error, may upon application receive credit for the time such person was otherwise eligible for membership. The person's employer must certify the inclusive dates of employment and the salary earned by the member during these dates, or the person shall submit such other evidence in lieu thereof as shall be requested by the board. The person, his employer, and any other person submitting evidence on his behalf, shall certify all evidence by an affidavit in authentic form. Should any facts or evidence no be true which would disqualify him form benefits, the person shall lose all rights to any benefits from this system.In order to receive this credit the person and the employershall pay the greater of: an amount equal to the employee andemployer contributions which would have been paid had the personbeen enrolled at the time of employment, plus interest asdetermined by the board, which shall be not less than sevenpercent compounded annually, or an amount which, on an actuarialbasis, totally offsets the increase in accrued liability of thesystem resulting from the receipt of the credit by theperson. The amount payable shall be calculated by use of the actuarial funding method, assumption, and tables in use by the system at the time of the person's application for credit. (Emphasis added).
"Board" and "system", as emphasized in the portion quoted above, means the Board of Trustees of the Parochial Employees' Retirement System. See LSA-R.S. 11:1902(8) and LSA-R.S.11:1902(29).
Apparently, Mr. Kerry Spruill, the person in question, has received an invoice for prior service credit from the Parochial Employees' Retirement System which divides the amount to be remitted for prior service credit as follows:
Amount To Be Remitted To Purchase Prior Service.
Contribution Interest Total
Member $ 6,634.00 $ 9,523.57 $16,157.57
Employer 6,838.00 9,663.23 16,501.23
Total 13,472.00 19,186.80 32,658.80
($6,634.00 will be credited to Member Contributions in his name)
These calculations are to purchase service from 09/08/78 — 01/31/93 @ 2% per year.
At controversy between Mr. Spruill and the Avoyelles Parish Police Jury is the amount of the calculated interest that should be paid by the respective parties. Note that LSA-R.S. 11:1939
does not allocate specific amounts to either the employer or the member. It is suggested that the matter be successfully negotiated between the parties. Reference to the administrative policy of the police jury, or referral to previous police jury action regarding an employee similarly situated may prove helpful.
However, it has been alleged that the police jury may have represented to the person in question that he couldelect whether or not to contribute to the Parochial Employees' Retirement System. LSA-R.S. 11:1921(A) requires that all parish employees be members of the retirement system unless "specifically excluded by the provisions of this Part". The case of Leger vs. St. Landry Parish Police Jury,377 So.2d 456 (La. 3rd Cir. 1979), stands for the proposition that the police jury could be charged the burden of paying the interest where an employee not excluded by LSA-R.S. 11:1921
detrimentally relies upon the employer's representation that participation in the system is not mandatory. See LSA-R.S.11:1921(A) requiring membership; the use of the word "shall" is mandatory language in statutory construction. LSA-R.S. 1:3.
Finally, see also LSA-R.S. 11:1903(C)(2) which provides interest can be recovered "against the district subdivision or instrumentality liable therefor. . .". See Leger,supra.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK Assistant Attorney General
KLK/jlg
Date received: April 4, 1996Date released: April 9, 1996
Kerry L. KilpatrickAssistant Attorney General