Dear Mr. Burkett:
This office is in receipt of your request for an opinion of the Attorney General in regard to contributions for employees purchasing retirement service credit. You indicate you were recently advised that, other than you and your Assistant District Attorneys, all full-time employees working for the Office of District Attorney should be enrolled in the Parochial Employees' Retirement System, and for any time that these employees were not enrolled, they can request to purchase service credit in accordance with R.S. 11:1939. You further state while you believe these employees are entitled to purchase this service credit if they desire to do so, and that your office is legally obligated to pay the employer's contribution, it will entail a considerable expenditure on the part of your office. Accordingly, you ask this office to confirm the obligation of your office to pay the employer's contribution, plus accured interest due.
R.S. 11:1939 provides that any person whose membership in the retirement system was mandatory but not enrolled, may receive credit for that time. It further states in part that, "In order to receive this credit the person and the employer shall pay the greater of: an amount equal to the employee and employer contributions which would have been paid had the person been enrolled at the time of employment, plus interest as determined by the board * * *".
In Atty. Gen. Op. No. 80-83 this office was asked whether it is the obligation of the local school system to pay the employer's contribution plus interest for the purchase of service credit. It was observed that the retirement system has no way of knowing a person is employed until he is enrolled into the retirement system, and the proper party to initiate the enrollment is the employer, and if enrolled, the employer would have been paying the proper employment contributions. It was concluded that when a member wishes to purchase prior service credit for the period of time that he should have been a member of the system and was not, the employer is obligated to pay the employer's contribution, and should pay any applicable interest on the employer's contribution because of the failure of the employer to enroll the employee.
However, in a more recent opinion, Atty. Gen. Op. No 96-160, this office was faced with a request wherein there was a controversy in the amount of the calculated interest that should be paid by the respective parties when an employee is buying service credit. It was noted that R.S. 11:1939 does not allocate specific amounts to either the employer or the member, and it was suggested the matter be successfully negotiated between the parties with the advice that there be reference to previous action regarding an employee similarly situated. However, it was further pointed out that Leger v. St. Landry Parish Police Jury, 377 So.2d 456
(La.App. 1979) stands for the proposition that the employer could be charged the burden of paying the interest where an employee had relied upon the employer's representation that participation in the system was not mandatory.
The latter is a factual question which will have to be considered in settling the matter of interest to be paid by the parties, and not a question we can definitively answer.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
BBR