Dear Ms. LeMaire:
This office is in receipt of your request for an opinion of the Attorney General in regard to the enrollment of law clerks of the Fifteenth Judicial District Court into the Parochial Employees' Retirement System (PERS). You indicate due to a misunderstanding of the status of law clerk employees relative to the retirement system, law clerks were never enrolled in this retirement system, but all law clerks presently employed were enrolled in PERS effective January 1, 1999. Several law clerks are interested in purchasing prior service credit.
In connection with this interest in purchasing of prior service credit, you ask the following questions:
 1) When prior service credit is purchased, should the interest be split between the employee and employer (in amounts respective to their contributions), or is the employer liable for the interest due to failure to properly enroll the employee at the time of employment?
 2) Can the offer to buy time in the retirement system be limited to current employees, or does it also apply to any former law clerks?
You further indicate that the salaries of the law clerks in the Fifteenth Judicial District are funded by the General Fund and Criminal Court Fund of each parish in the district, being Acadia, Lafayette, and Vermillion. Each parish forwards a prorated amount to a judge's secretary who then administers the money through a fund named, "The Law Clerk Fund". The court reporters of the district are similarly funded by all three parishes but receive a paycheck from each individual parish, and are treated as parish employees in regard to benefits, but maintain that they are actually employees of the district judges. Inasmuch as the law clerks are regarded as strictly judges' employees, they are not afforded the same benefits as the court reporters.
 Based upon this factual situation, you ask the following:
 3) Under these circumstances, in regard to the PERS issue set out above, who is actually considered the employer of the law clerks of the 15th Judicial District, the Parish government or the district judges?
This office has previously been presented with the question of responsibility of payment of interest in connection with purchase of prior service credit. In Atty. Gen. Op. No. 80-83 it was observed that the retirement system has no way of knowing a person is employed until he is enrolled into the retirement system, and the proper party to initiate the enrollment is the employer. It was concluded when a member wishes to purchase prior service credit for the period of time that he should have been a member of the system and was not, the employer is obligated to pay the employer's contribution and should pay any applicable interest on the employer's contribution because of the failure of the employer to enroll the employee.
Thereafter, in Atty. Gen. OP. No. 96-160 it was noted that R.S. 11:1939 does not allocate specific amounts to either the employer or the member, and suggested the matter could be negotiated between the parties. However, noting that the police jury may have represented to the member that he could elect participation in the System, the case of Leger v. St. LandryParish Police Jury, 377 So.2d 456 (La.App 1979) was recognized as standing for the proposition that the employer could be charged with the burden of payment of interest when an employee had relied upon the employer's representation that participation in the system was not mandatory. By the use of the word "shall" in R.S. 11:1921(A) requiring membership, and reliance on the Leger
case, this office observed that R.S. 11:1903(C)(2) provides interest can be recovered "against district subdivisions or instrumentality liable therefor."
Subsequently, Atty. Gen. Op. No. 96-454 recognized these earlier opinions that found R.S. 11:1939 did not allocate specific amounts to either the employer or the member, and suggested that the matter be successfully negotiated between the parties. However, it was further pointed out that under Leger the employer could be charged the burden of paying the interest where an employee has relied upon the employer's representation. What representations were made is a factual question which will have to be considered in settling the matter of the party to pay the interest, and is a factual question which this office cannot answer.
In regard to former law clerk employees who desire to buy time in the retirement system, we feel the former employees who were not members of the retirement system due to a misunderstanding of their eligibility should be able to buy this time in the retirement system. R.S. 11:1939 is entitled "Person not properly enrolled as members", and appears applicable to this factual situation wherein it provides in part, "Any person whose membership in the system was a mandatory condition of employment but was not enrolled as member due to administrative error, may upon application receive credit for the time such person was otherwise eligible for membership." The procedure to be followed is then set forth fully in the statute.
In response to your third question asking who is considered the employer of the law clerks of the Fifteenth Judicial District in regard to PERS, the Parish government or the district judges, we would conclude the judges are the employers of the law clerks. We find support in this conclusion in a line of opinions rendered by this office, Atty. Gen. Op. Nos. 96-9, 90-189, 84-5, 79-525, and by R.S. 15:571.11(I).
While the issue in Atty. Gen. Op. No. 96-9 was one of dual office-holding, it was observed as follows:
 Despite the fact that the law clerk is paid by the Parish Council, we find that the law clerk has a position in the judicial branch of state government. This is consistent with the definition in R.S. 42:62(8) which provides the judicial branch of state government includes all employees of the district courts. Additionally, this office has observed that supervision, control, functions, and duties of an employee are the principal determinant criteria, and not the source from which an employee's salary is paid in ascertaining for whom an employee is working.
Similarly, in Atty. Gen. Op. No. 90-189 a question of dual office-holding was presented, but in resolution of the request it was observed it would be difficult indeed to have a person whose job related activities are entirely controlled by the court be otherwise than an employee and/or agent of a court within the judicial branch of state government.
These conclusions are consistent with that reached in Atty. Gen. Op. Nos. 84-5 and 79-525 wherein this office stated in the latter opinion, "The court or the judges themselves are, however, the employing unit for those it or they employ, such as the law clerks in question." This is consistent with the observation by the court in Gegenheimer v. Lee, 534 So.2d 514 (La.App. 1988) which stated, "An individual is the employee of the entity which controls his work product and is responsible for compensation."
Moreover, we note that R.S. 15:571.11(I) authorizes the governing authorities of Acadia, Lafayette, and Vermillion to pay from the Criminal Court Fund of the Fifteenth Judicial District all or part of the salaries "of those persons employed as law clerks by the Fifteenth Judicial District", and those persons employed as law clerks shall be employed to perform general duties and are not limited to those duties connected with criminal cases.
The statement in R.S. 15:571.11 indicates the law clerks are not employed by the Parish, and as noted by this office in prior opinions, other considerations must be considered in determining who is an individual's employer other than merely what source is utilized for payment of the salary. While we are informed that the law clerks do not receive certain benefits accorded to the court reporters even though both groups receive funds from the parishes of the Judicial District, we must conclude, despite any inequity, that the law clerks are not simply employees of the Parish, but of the judges of the judicial district, and we make no determination as to who is the employer of the court reporters.
While we state that the law clerks are employees of the judges, we recognize an inconsistency with this conclusion and their participation in the "Parochial Retirement System." We note that R.S. 33:1902, relative to the Parochial Employees' Retirement System of Louisiana, sets forth the definition of "Employee" and provides in part as follows:
 12(a) "Employee" means any person who is employed as a permanent employee of a parish who works at least twenty-eight hours a week and whose compensation is paid wholly or partly by said parish, but excluding all persons employed by a parish or city school board and all persons eligible for any other public retirement system in this state.
 (b) "Employee" shall also mean a person employed by either the Police Jury Association of Louisiana, the Louisiana School Boards Association, or this retirement system and elected officials of the governing authority of any parish covered by this Chapter, and shall include members of school boards at their options. In any case of doubt, the board of trustees shall be the sole judge of who is an employer.
 (c) "Employee" shall also mean a person employed by a district indigent defender program in this state, without regard to the source of funds for such district or programs, provided the employee works at least twenty-eight hours a week. * * *
 (d) "Employee" shall also mean a person employed by a soil and water conservation district in this state, without regard to the source of funds for such district.
 (13) "Employer" means any parish in the state of Louisiana, excepting Orleans and East Baton Rouge Parishes, or the police jury or any other governing body of a parish or a parish which employs and pays persons serving the parish.
"Employer" means also the Police Jury Association of Louisiana, the Louisiana School Boards Association, and this retirement system. "Employer" shall not mean a parish or city school board.
Under this definition it would follow that a determination that a law clerk be included in the Parochial Employees Retirement System looks to the source of pay as the determining factor rather than who selects and supervises the individual. Moreover, it includes an individual who is partially paid by the parish for a position within public employment of the parish inasmuch as the legislature specifically authorizes in R.S.13:996.26 the Fifteenth Judicial District Court judges to fix and pay all or any part of the salary of personnel they deem necessary to the business and function of the court from the judicial expense fund, and, in fact, does pay a portion of the law clerk salary from this source.
Therefore, in order to find that the employer of the law clerks of the district court would be the parishes of the Fifteenth Judicial District for purposes of buying previous employment time for PERS, it would have to be based simply upon the determination that the parishes of the judicial district contribute to the salary of the law clerks, and that this is sufficient to bring them within the definitions in R.S. 13:1982.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR