Dear Judge Keaty:
You ask this office to determine whether it is legally permissible for the judges of the Fifteenth Judicial District Court to use the Judicial Expense Fund to satisfy the costs of retirement for former law clerk employees who were not provided with the opportunity to participate in the Parochial Employees Retirement System (PERS) at the time of their employment due to administrative error.
The question of whether former law clerk employees of the Fifteenth Judicial District Court who were not made members of PERS due to a misunderstanding of their eligibility should be able to buy this time back in the retirement system was answered affirmatively in Attorney General Opinion 99-89. Those provisions of R.S. 11:1939 cited by the author of Opinion 99-89 and relevant herein provide:
 § 1939. Persons not properly enrolled as members
 Any person whose membership in the system was a mandatory condition of employment but was not enrolled as a member due to administrative error, may upon application receive credit for the time such person was otherwise eligible for membership. The person's employer must certify the inclusive dates of employment and the salary earned by the member during these dates or the person shall submit such other evidence in lieu thereof as shall be requested by the board. The person, his employer, and any other person submitting evidence on his behalf, shall certify all evidence by an affidavit in authentic form. Should any facts or evidence not be true which would disqualify him from benefits, the person shall lose all rights to any benefits from this system. In order to receive this credit the person and the employer shall pay the greater of: an amount equal to the employee and the employer contributions which would have been paid had the person been enrolled at the time of employment, plus interest as determined by the board, which shall be not less than seven percent compounded annually, or an amount which, on an actuarial basis, totally offsets the increase in accrued liability of the system resulting from the receipt of the credit by the person. The amount payable shall be calculated by use of the actuarial funding method, assumptions, and tables in use by the system at the time of the person's application for credit. (Emphasis added).
Further, the author of Opinion 99-89 concluded and we affirm that the judges are the employers of the law clerks. The judges are authorized by statute to appoint the law clerks and pay their salaries from the judicial expense fund for the Fifteenth Judicial District Court, as provided by R.S. 13:996.26, providing:
 § 996.26. Judicial Expense Fund for Fifteenth Judicial District; disbursements
 The judges, en banc, of the Fifteenth Judicial District Court may, in lieu of all or any part of the fees for reporting and transcribing testimony authorized under the provisions of R.S. 13:961(F), or other applicable laws, and in addition to salaries otherwise provided, authorized, or established by law, fix and pay each of their court reporters a salary from the judicial expense fund. The judges en banc, may further appoint such secretarial, clerical, research, administrative, or other personnel as they deem necessary to expedite the business and function of the court and fix and pay all or any part of the salaries of such personnel out of the monies in the judicial expense fund. In like manner, the judges, en banc, may utilize the monies in the judicial expense fund to pay all or any part of the cost of establishing and/or maintaining a law library for the court, or for buying and/or maintaining any type of equipment, supplies, or other items consistent with or germane to the efficient operation of the court. In general, the judicial expense fund is established and may be used for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the said court or the offices of the individual judges and is in addition to any and all other funds, salaries, expenses, or other monies that are now or hereafter provided, authorized, or established by law for any of the aforesaid purposes. (Emphasis added).
Further, in Opinion 93-544 and 77-644, this office has recognized that the "court fund" can be utilized for purposes of making contributions to retirement systems on behalf of court personnel as such expenses are "in the operation of the court." Copies of these opinions are attached. This office recently again reviewed the appropriateness of expenditures from the Fifteenth Judicial District Judicial Expense Fund in Opinion 00-309 and determined that "the law is very broad in scope as to the purposes for which the Fund can be used. It specifically provides that disbursements can be made for any purpose or purposes connected with, incidental to, or related to the proper administration or function of the Court or the offices of the individual judges, with the exception of salaries."
Thus, the original contributions which should have been made on behalf of these former law clerk employees by the employer (i.e., the judges), and interest thereon, remains properly payable from the judicial expense fund.
The exact amount of interest on both the employer's and the employee's contributions is to be "determined by the board [of trustees of the retirement system]" as provided in R.S. 11:1939. Whether or not the judges' total cost will include interest on the employees' contributions requires a factual determination which we are unable to make. We note that the case of Leger vs. St.Landry Parish Police Jury, 377 So.2d 456 (La.App. 3rd Cir. 1979), stands for the proposition that the employer may be held liable for interest due on the employee's contribution to the retirement system if the employee relied to his detriment on the employer's representation that he could elect whether or not to become a member of the retirement system. Again, because the application of Leger to the instant matter would require us to presume certain facts, we refrain from making a determination as to the liability of the judges for the interest on the employees' contributions. See also attached Attorney General Opinions 96-454 and 96-160, in which this office makes similar conclusions.
Should you have further questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: August 10, 2001