Dear Mr. Speed:
You have asked this office to again review the facts relating to Mr. Warren Cutrer, the elected chief of police of Roseland, concerning the responsibility of the municipality to purchase retirement credit on behalf of Mr. Cutrer.
Mr. Cutrer was employed as a Roseland municipal police officer from March 1, 1980 until February 28, 1982. He was elected chief of police on July 1, 1984 and has served in that capacity until the present date.
The laws governing the Municipal Police Employees' Retirement System (MPERS) required the Town of Roseland to enroll Mr. Cutrer in MPERS in the years from 1980 to 1987, the time period for which Mr. Cutrer seeks to purchase service credit in the system. See R.S. 11:2214(A)(1).[1]
Mr. Cutrer met the eligibility requirements for enrollment, and the Town has admitted failure to enroll Mr. Cutrer in MPERS as required by law.
The failure to enroll Mr. Cutrer in MPERS means that neither the employer's nor the employee's contributions were paid to the retirement system. Purchasing this service credit requires the payment of the employer's and the employee's contributions, interest on the employer's and employee's contributions, and actuarial costs as though the contributions had been paid when due.
We have discussed this particular matter with Mr. Randy Roche, General Counsel of MPERS. Mr. Roche has relayed to us the position of MPERS on Mr. Cutrer's case, stating that the responsibility for failure to enroll Mr. Cutrer and the resulting costs must be paid by the Town of Roseland. In other words, the interest which has accrued (i.e., interest on both the employer's and the *Page 2 
employee's contributions) is a direct result of the failure of the Town to discharge its mandatory duty to enroll Mr. Cutrer in the system. In the facts before us, all accrued interest is a liability incurred by the Town and is not considered a prohibited donation of public funds under LSA-Const. Art. VII § 14(A) (1974).[2] The constitution specifically permits "contributions of public funds to pension and insurance programs for the benefit of public employees". See LSA-Const. Art. VII § 14(B) (1974).
In the case of Leger v. St. Landry Parish Police Jury, 377 So.2d 456
(La.App. 3,rd Cir. 1979), the police jury was required to pay the interest on a parish employee's contribution where the parish failed to enroll her in the Parochial Employees Retirement System of Louisiana as mandated by state law. The court stated:
 The trial court decided that the contributions were not made because of a mistake on the part of the police jury and, since the police jury was at fault, it should bear the burden of paying the interest. . . .She relied to her detriment on her employer's representation that she could elect whether to become a member of the retirement system. Therefore, the employer, the police jury, must bear the burden of paying the interest. See Leger, supra, at page 456.
For the foregoing reasons, it is the opinion of this office that the Town of Roseland must pay the employer's contribution, all interest accrued on both the employer's and the employee's contributions, and all actuarial costs. Mr. Cutrer is responsible only for his contribution.
Finally, this opinion elaborates upon our conclusions in Opinion 06-0145 in this matter and is in conformity with the legal conclusions drawn therein.
 Very truly yours,
 CHARLES C. FOTI, JR.
ATTORNEY GENERAL
 BY:__________________________
KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
[1] Pursuant to R.S. 11:2214(A)(1) any person who becomes an employee as defined in R.S. 11:2213 on and after September 9, 1977 "shall become a member as a condition of his employment, provided he is under fifty years of age at the date of employment."
[2] Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.