Dear Mayor Rivers:
You have asked this office to address the Town of Glenmora's obligation relative to the participation of police department personnel in the Municipal Police Employees Retirement System (MPERS). We restate the basic facts related in your correspondence.
The Town of Glenmora has an elected Chief of Police and an Assistant Chief of Police. The current Chief of Police was employed as a police officer by the Town of Glenmora in 1984. He was elected to the position of Chief of Police in 1986 and has served continuously as Chief to the present date.
The Assistant Chief was hired in 2000, and has served in that capacity to the present date. According to Town records, neither of these individuals has ever been enrolled in or a member of MPERS.
You ask this office to determine the Town's financial obligation should one or both of these officers decide to join MPERS.
As of July 1, 1973, the Louisiana legislature established the MPERS.[1]
Pursuant to R.S. 11:2214(A)(1) any person who becomes an employee as defined in R.S. 11:2213 on and after September 9, 1977 "shall become a member as a condition of his employment, provided he is under fifty years of age at the date of employment." "Employee" is defined in R.S.11:2213(11) and include "any full-time police officer, empowered to make arrests", and "any elected chief of police whose salary is at least one hundred dollars per month". *Page 2 
A person falling within the definition of "employee" is mandated to be enrolled by the municipality in MPRS unless the municipality on or before January 1, 1978, enacted an ordinance exempting the municipality from the provisions. An employee who is employed by a municipality which has employees covered under the federal Social Security program may elect to not become a member of MPRS. R.S. 11:157(C)(1) states:
 C. (1) Any member who elects not to become a member of either retirement system set forth in Subsection A of this Section shall, before such election can become valid, execute and file with the retirement system an affidavit stating that his election not to be a member is of his own free will and is his own voluntary act and deed.
In the instant matter, neither the Chief of Police nor the Assistant Chief signed an affidavit voluntarily exempting himself from the MPERS. Further, the Town of Glenmora has been unable to locate any ordinance exempting the municipality from the MPERS provisions.
The Town of Glenmora's failure to enroll eligible employees in the MPRS means that neither the employer's nor the employee's contributions were paid to the retirement system. Purchasing this service credit at a later date requires the payment of the employer's and the employee's contributions, interest on the employer's and employee's contributions, and actuarial costs as though the contributions had been paid when due.
This office recently addressed a similar scenario in Opinion 07-0214 (copy attached) concerning the Town of Roseland and the town's Chief of Police. In Opinion 07-0214, this office concluded:
 We have discussed this particular matter with Mr. Randy Roche, General Counsel of MPERS. Mr. Roche has relayed to us the position of MPERS on Mr. Cutrer's case, stating that the responsibility for failure to enroll Mr. Cutrer and the resulting costs must be paid by the Town of Roseland. In other words, the interest which has accrued (i.e. interest on both the employer's and the employee's contributions) is a direct result of the failure of the Town to discharge its mandatory duty to enroll Mr. Cutrer in the system. In the facts before us, all accrued interest is a liability incurred by the Town and is not considered a prohibited donation of public funds under LSA-Const. Art VII § 14(A) (1974). The constitution specifically permits "contributions of public funds to pension and insurance programs for the benefit of public employees." See LSA-Const. Art. VII § 14(B) (1974). (Emphasis added). *Page 3 
We affirm the conclusions drawn in Opinion 07-0214 and apply the same reasoning to the Town of Glenmora vis-a-vis the town's Chief of Police and Assistant Chief of Police. Should these individuals wish to joinMPERS and purchase previous service credit in MPERS, each individual remains responsible for his contribution, as he would have been responsible for that portion had he been properly enrolled. The Town of Glenmora is responsible for the employer's contribution. The interest accrued on both the employer's and the employee's contributions, and actuarial costs, are to be paid by the Town of Glenmora.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK: arg
[1] See former R.S. 33:2371, et seq., now redesignated as R.S.11:2211, et seq.
 August 16, 2007 OPINION 07-0214 *Page 1 
92-A-2(d) RETIREMENT-MUNICPAL EMPLOYEES
R.S. 11:2214(A)(1)
The Town of Roseland must pay the employer's contribution, all interest accrued, and actuarial costs for the purchase of service credit in the Municipal Police Employees' Retirement System, where the town failed to enroll the chief of police in the system as mandated by law.
 Mr. Clifton T. Speed General Counsel Town of Roseland P.O. Box 728 Greensburg, LA 70441
Dear Mr. Speed:
You have asked this office to again review the facts relating to Mr. Warren Cutrer, the elected chief of police of Roseland, concerning the responsibility of the municipality to purchase retirement credit on behalf of Mr. Cutrer.
Mr. Cutrer was employed as a Roseland municipal police officer from March 1, 1980 until February 28, 1982. He was elected chief of police on July 1, 1984 and has served in that capacity until the present date.
The laws governing the Municipal Police Employees Retirement System (MPERS) required the Town of Roseland to enroll Mr. Cutrer in MPERS in the years from 1980 to 1987, the time period for which Mr. Cutrer seeks to purchase service credit in the system. See R.S. 11:2214(A)(1).[1]
Mr. Cutrer met the eligibility requirements for enrollment, and the Town has admitted failure to enroll Mr. Cutrer in MPERS as required by law.
The failure to enroll Mr. Cutrer in MPERS means that neither the employer's nor the employee's contributions were paid to the retirement system. Purchasing this service credit requires the payment of the employer's and the employee's contributions, interest on the employer's and employee's contributions, and actuarial costs as though the contributions had been paid when due.
We have discussed this particular matter with Mr. Randy Roche, General Counsel of MPERS. Mr. Roche has relayed to us the position of MPERS on Mr. Cutrer's case, stating that the responsibility for failure to enroll Mr. Cutrer and the resulting costs must be paid by the Town of Roseland. In other words, the interest which has accrued (i.e., interest on both the employer's and the *Page 2 
employee's contributions) is a direct result of the failure of the Town to discharge its mandatory duty to enroll Mr. Cutrer in the system. In the facts before us, all accrued interest is a liability incurred by the Town and is not considered a prohibited donation of public funds under LSA-Const. Art. VII § 14(A) (1974).[2] The constitution specifically permits "contributions of public funds to pension and insurance programs for the benefit of public employees". See LSA-Const. Art. VII § 14(B) (1974).
In the case of Leger v. St. Landry Parish Police Jury, 377 So.2d 456
(La.App. 3rd Cir. 1979), the police jury was required to pay the interest on a parish employee's contribution where the parish failed to enroll her in the Parochial Employees Retirement System of Louisiana as mandated by state law. The court stated:
 The trial court decided that the contributions were not made because of a mistake on the part of the police jury and, since the police jury was at fault, it should bear the burden of paying the interest. . . . She relied to her detriment on her employer's representation that she could elect whether to become a member of the retirement system. Therefore, the employer, the police jury, must bear the burden of paying the interest. See Leger, supra, at page 456.
For the foregoing reasons, it is the opinion of this office that the Town of Roseland must pay the employer's contribution, all interest accrued on both the employer's and the employee's contributions, and all actuarial costs. Mr. Cutrer is responsible only for his contribution.
Finally, this opinion elaborates upon our conclusions in Opinion 06-0145 in this matter and is in conformity with the legal conclusions drawn therein.
 Very truly yours.
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Pursuant to R.S. 11:2214(A)(1) any person who becomes an employee as defined in R.S. 11:2213 on and after September 9, 1977 "shal become a member as a condition of his employment, provided he is under fifty years of age at the date of employment."
[2] Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.